IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHELOR MOTOR MILE, INC. | ) |
| Plaintiff, | ) Case No. 7:17-cv-00144 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| CHRISTY MEADE, *et al.*, | ) United States District Judge |
| Defendants. | ) |

**ORDER OF REMAND**

On April 18, 2017, defendants Christy and Amanda Meade (collectively the Meades) filed a notice of removal, removing this action from Montgomery County General District Court. (Dkt. No. 1.) The Meades maintained, despite a lack of proper diversity or federal question jurisdiction, that removal was proper under this court's supplemental jurisdiction. Specifically, the Meades filed a counterclaim in this court (Dkt. No. 2), and argued that the court could exercise jurisdiction over plaintiff Shelor Motor Mile, Inc.'s (Shelor) state court warrant in debt based on its connection to the Meades' counterclaim.

On April 20, United States District Judge Michael F. Urbanski, to whom this case was then assigned,[1] issued an order to show cause why this matter should not be remanded to Montgomery County General District Court, noting that "the supplemental jurisdiction statute [28 U.S.C. § 1367] is not an independent source of removal jurisdiction." (Order Show Cause 3, Dkt. No. 3) (brackets in original) (internal quotation marks omitted) (quoting *Vick v. Nash Hosps., Inc.*, 756 F. Supp. 2d 690, 693 (E.D.N.C. 2010)). In response, the Meades raise two general reasons the court should hear this action. (Dkt. No. 4.) First, they "ask the [c]ourt not to

---

[1] The case was transferred to the undersigned on May 12, 2017. (Dkt. No. 5.)

remand due to the lack of objection by the [p]laintiff." (*Id.* at 2.) Second, "[t]he general district court case is now nonsuited and dismissed without prejudice in the Montgomery County General District Court."[2] *Id.*

Neither of these considerations compel or allow this court to maintain jurisdiction over this action. Federal courts are courts of limited jurisdiction. "The threshold question in any matter brought before a federal court is whether the court has jurisdiction to resolve the controversy involved." *17th Street Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 591 (E.D. Va. 2005). A defendant may remove an action to a federal district court *if the plaintiff could have brought the action in federal court originally*. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction, and because removal jurisdiction raises significant federalism concerns, the removal statute must be strictly construed. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Most importantly, "parties by consent cannot confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986). It is of no moment that Shelor declined to object to the Meades' removal, nor that the Montgomery County General District Court dismissed Shelor's state court action without prejudice.

> Subject matter jurisdiction is not a question that invites the exercise of a court's discretion. Equity is not an informing consideration . . . . Jurisdiction is an absolute; it either exists, or it

---

[2] The Meades also argue that, though Shelor's original warrant in debt does not establish the necessary $75,000 dollar amount in controversy, "[t]he counterclaim, however, demands more than $75,000." (Dkt. No. 4 at 2.) This argument is unavailing because the amount sought in the counterclaim is immaterial to whether "the removed action contains a claim over which the federal court has original jurisdiction." *Vick*, 756 F. Supp. 2d at 690. The counterclaim was not part of the original removed claim and cannot even be filed in this court without a properly removed action already before the court. Thus, the amount sought in the counterclaim cannot form the basis of diversity jurisdiction.

2

> does not. If it does not, 28 U.S.C. § 1447(c) mandates remand to
> state court. *See Winnier v. Shoney's Inc.*, [No. 93-cv-39,] 1993
> WL 322977 (E.D. La. Aug. 16, 1993) (argument based on judicial
> economy is "simply not responsive" to the issue of remand, which
> is mandated when jurisdiction does not exist).

*Printworks, Inc. v. Dorn Co.,* 869 F. Supp. 436, 438 (E.D. La. 1994) (footnote omitted). This is why "[t]he objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

The Meades offer sensible reasons why the court should exercise its discretion to hear this case. However, the court is powerless to expand its jurisdiction by discretion and is required to remand this case to state court.

The remand to state court, of course, is without prejudice to the counterclaim filed by the Meades. They may proceed on their counterclaim in state court or file a separate action in federal court.

Accordingly, the court hereby ORDERS that this action, Case No. 7:17cv144, be REMANDED to the Montgomery County General District Court. The clerk is directed to mail a certified copy of this order of remand to the Clerk for the Montgomery County General District Court. The clerk is further directed to strike this case from the active docket of the court.

Entered: May 18, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3